UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NORMAN LEE GUNN,<br><br>Plaintiff,<br><br>vs.<br><br>KIP STEARNS, Deputy Sheriff, Turner County, and KATELYNN B. HOFFMAN, District (sic) Attorney, Turner County,<br><br>Defendants. | 4:24-CV-04099-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a *pro se* complaint, a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee, and a motion to appoint counsel. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

Plaintiff claims that defendants conspired "to withhold my vehicle without due process, depriving me of my liberty, happiness, and lifestyle." He seeks $1.5 damages in gold coinage.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fee if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B), Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). I am

required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

**I. Jurisdiction.**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff filed his pro se complaint on United States District Court, District of South Dakota, civil complaint form SDS 12-12, which is available from the Clerk of Courts and on the Court's public website. The form requires first and foremost that the plaintiff:

> State the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitution provisions, if you know them. Fed .R .Civ. P. 8(a)(1) requires a short and plain statement of the grounds for the court's jurisdiction.)

2

Plaintiff failed to set forth the basis of this Court's jurisdiction. Plaintiff also filed a Civil Cover Sheet on the United States Courts form JS 44, which is available from the Clerk of Courts and on the U.S. Courts public web site. Plaintiff identified the basis of jurisdiction as "U.S. Government Plaintiff." Plaintiff is not a United States governmental agency and has not claimed to be acting on behalf of any such agency or entity.

Plaintiff has failed to plead a basis for federal jurisdiction.

## II. Pleading.

Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must include a short and plain statement of the claim showing that he is entitled to relief. Plaintiff is required "to provide the 'grounds' of his 'entitlement to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing* Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65. A complaint that tenders "naked assertions devoid of further factual enhancement" does not suffice. Ashcroft v. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949, *quoting* Twombly, 550 U.S. at 557, 127 S.Ct. at 1966 (a naked assertion of conspiracy in a complaint stops short of an entitlement to relief without some further factual enhancement).

Plaintiff's complaint, even liberally construed, fails to state a claim upon which relief can be granted.

## CONCLUSION

Two weeks after filing the complaint, plaintiff submitted 235 pages, which were filed by the Clerk of Courts as a "supplement," containing *inter alia*, random legal citations, copies of inapplicable cases, and various documents that appear to have been filed in South Dakota state courts. Judges are not like pigs, hunting for truffles buried in documents. Murthy v. Missouri, ___ U.S. ___, ___, 144 S. Ct. 1972, 1991 n. 7, 219 L. Ed. 2d 604 (2024); United States v. Sledge, 108 F.4th 659 n. 3 (8th Cir. 2024). The

Court is not required to search that document for any colorable basis for federal court jurisdiction or a claim upon which relief may be granted.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2 to proceed *in forma pauperis* without the payment of the filing fee, is granted.

2. Plaintiff's complaint is dismissed without prejudice for failure to allege a basis for federal court jurisdiction and failure to state a claim.

3. Plaintiff's motion, Doc. 3, to appoint counsel is denied as moot.

DATED this 18th day of September, 2024.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge